GEO. L. THOMPSON MANUF'G CO. v. WALBRIDGE.

SAME v. HAFF et al.

(Circuit Court of Appeals, Second Circuit. May 28, 1895.)

PATENTS—INVENTION—CURLING IRONS.

The Thompson patent, No. 460,709, for an improvement in curling irons, consisting essentially in the shape and location of the spring between the handles, is void for want of invention. 60 Fed. 91, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

These were suits by the George L. Thompson Manufacturing Company against John H. Walbridge, and against Edward F. Haff and Louis S. Coe, respectively, for infringement of letters patent No. 460,709, granted October 6, 1891, to George L. Thompson, for an improvement in curling irons. The circuit court dismissed the bills. 60 Fed. 91. Complainant appeals.

C. Clarence Poole and Taylor E. Brown, for appellant.

Esek Cowen, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This invention related to a curling iron of the class having two jaws, one of which is a solid mandrel, and the other is a clasp, pivoted thereto, and adapted to fit against the convex surface of the same; said jaws being each provided with a handle, and being closed and held together by the action of a spring, and opened by pressure of the hand upon the handles. The specification further says that the spring is placed "between the separated shanks of the mandrel and clasp, with its bent portion adjacent to their point of pivotal connection, and is attached at its ends to said shanks." One end of the spring is inserted into an inclined notch, cut in the inner side of the shank or handle part of the mandrel, and the other end is attached to the other shank by engagement at its end with a lip. In arranging the spring between the shanks the specification points out that:

"Care is taken, in bending and locating the same, that it will only touch the same shanks at the points where it is connected with them, which point is so remote from the jaws themselves, and so far back of the pivoted point, that heat is not likely to reach the spring through the shanks to an extent sufficient to impair the efficiency of the spring."

The first claim of the patent is as follows:

"(1) A curling iron, comprising a mandrel, a clasp, pivoted thereto, said mandrel and clasp being each provided with a relatively long outwardly deflected shank, a plate spring bent upon itself, and secured at its ends near the rear ends of said shanks, said spring being suitably bent so as to come into contact with the said shanks only at their points of connection with the same, and handles arranged upon said shanks, substantially as described."

The second claim is in the same terms, except that it provides for wooden handles.

Judge Coxe dismissed the bills, upon the ground that, in view of letters patent to Mark Campbell, No. 294,309, dated February 26, 1884, and to Charles H. Bissell, No. 384,418, dated June 12, 1888, the patent in suit was void for lack of invention. The Campbell device is almost exactly like the invention of the patent, but differs from it in one particular, which the appellant deems important. The inner sides of the Campbell handles were provided with grooves for the reception of the sides of the spring, and the spring was removably retained in place by frictional contact with the parts against which it bears, whereas the spring of the Thompson device is secured at its ends near the rear ends of the shanks, and comes in contact with

them nowhere else, and it is said that its removal from contact with the jaws prevents the spring from becoming overheated. The spring of the patent in suit is a very familiar article. A U-shaped spring fastened to the inside of the handles of a pair of scissors or of shears, which did not touch the handles except at the point of contact, is well known, and is seen, though not as a novelty, in divers letters patent. If the defect in the spring of the Campbell device, or in any spring which was similarly fastened, consisted in the danger of injury to it by reason of its proximity to the heated shanks, an obvious remedy was to place the spring further from the sides of the shanks. The use of the Thompson spring, rather than of the spring of the Campbell iron, cannot rise to the dignity of invention. The decrees of the circuit court are affirmed, with costs.